**Opinion filed April 26, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-11-00281-CR
_____

## LARRIEL PETRICE McDONALD, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 368th District Court**
**Williamson County, Texas**
**Trial Court Cause No. 09-1560-K368**

## M E M O R A N D U M   O P I N I O N

Larriel Petrice McDonald pleaded guilty in February 2010 to possession of a controlled substance. The trial court deferred a finding of guilt and placed her on deferred adjudication community supervision for a term of five years. In April 2011, the State filed a motion to proceed with an adjudication of guilt, alleging multiple violations of the terms and conditions of community supervision. The trial court heard the motion to proceed on September 7, 2011. Appellant pleaded "true" to one of the alleged violations, and the State abandoned the remaining alleged violations. The trial court found the remaining allegation to be true, adjudicated appellant guilty of the charged offense, and assessed her punishment at confinement in the State

Jail Division of the Texas Department of Criminal Justice for a term of nine months. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel has provided appellant with a copy of the brief and advised appellant of her right to review the record and file a response to counsel's brief. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision and proceed with an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

We note that counsel has the responsibility to advise appellant that she may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises appellant that she may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.


                                                              PER CURIAM

April 26, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

---

[1] By letter, this court granted appellant thirty days in which to exercise her right to file a response to counsel's brief.